FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>PABLO PENALOZA ESPINO, AKA Pablo Penaloza Espinol, AKA Pablo Espino Penaloza,<br><br>Defendant - Appellant. | No. 10-10208<br><br>D.C. No. 4:08-cr-00836-CW-4<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted July 12, 2011[**]
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and WRIGHT, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Otis D. Wright, II, United States District Judge for the Central District of California, sitting by designation.

Defendant - Appellant Pablo Penaloza Espino stands convicted of conspiracy to possess with intent to distribute and to distribute methamphetamine, 21 U.S.C. § 846; possession with intent to distribute and distribution of methamphetamine, 21 U.S.C. § 841(a)(1); and using, carrying, and possessing a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(I), (c)(2). Espino raises three issues on appeal. We address each in turn.

First, Espino asserts that the district court erred by failing to suppress his post-arrest statement, which Espino claims was taken in violation of his right to prompt presentment before a federal magistrate judge. Fed. R. Crim. P. 5(a); *see also United States v. Redlightning*, 624 F.3d 1090, 1106 (9th Cir. 2010), *cert. denied*, 2011 WL 1637934 (U.S. May 31, 2011) (No. 10-10219). We review the district court's denial of the motion to suppress *de novo* and the factual findings for clear error. *United States v. Ewing*, 638 F.3d 1226, 1229 (9th Cir. 2011).

Here, Espino was arrested at approximately 8:00 p.m. on November 5, 2008, and was detained for violation of four California criminal statutes. At approximately 11:30 a.m. on November 6, 2008, well beyond the six-hour "safe harbor" period, both a federal and state officer commenced an interview of Espino. During this interview, Espino admitted that he had been arrested in a vehicle in which both methamphetamine and a handgun were found, although he denied that either was his.

2

On the afternoon of November 6, 2008, a county magistrate judge approved a certificate of probable cause authorizing Espino's detention for violation of the state statutes. Thereafter, on November 7, 2008, the United States Attorney's Office filed a complaint against Espino. Espino appeared before a federal magistrate judge on November 10, 2008.

While there was an obvious delay between the time that Espino was arrested on November 5, 2008, and the time that he was presented to a federal magistrate judge on November 10, 2008, because Espino's interview occurred while he was in state custody and before he was federally charged, the delay cannot be found unreasonable under the federal procedural scheme unless Espino can prove actual collusion between the federal and state officers. None of the abovementioned facts suggests actual collusion, nor do the arguments advanced in Espino's briefs present any evidence from which we conclude that the officers possessed "a deliberate intent to deprive [Espino] of [his] federal procedural rights." *See United States v. Michaud*, 268 F.3d 728, 735 (9th Cir. 2001).

Second, Espino challenges the district court's denial of his motion for acquittal as to his conviction for possession of a firearm in furtherance of a drug trafficking crime. Espino asserts that there was insufficient evidence to support his conviction. The Court of Appeals must affirm a conviction if, "'viewing the evidence in the light

3

most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Law enforcement officers searched the informant's vehicle prior to the controlled drug purchase transaction and found neither methamphetamine nor a firearm. The officers kept the informant and the vehicle under surveillance during the entire transaction. Ultimately, the officers found a loaded Smith & Wesson nine millimeter semiautomatic handgun in the backseat of the informant's vehicle, where Espino was the only occupant. The firearm was located close to Espino's feet and in plain view. Based on this evidence, a rational trier of fact could have concluded beyond a reasonable doubt that Espino possessed a firearm in furtherance of a drug trafficking crime.

Third, Espino claims that the district court abused its discretion in permitting a rereading of the informant's testimony without a specific jury admonition. We review the district court's decision to replay or reread witness testimony during jury deliberations for an abuse of discretion. *United States v. Richard*, 504 F.3d 1109, 1113 (9th Cir. 2007). "Under the abuse of discretion standard, we will not reverse unless we have a definite and firm conviction that the district court committed a clear error in judgment." *Id.* (internal quotation marks omitted).

4

Here, upon the jury's request, the district court permitted a rereading of the informant's entire testimony. *See id.* at 1114 (stating that "the jury should ordinarily be provided with the witness's *entire* testimony – i.e., direct *and* cross-examination"). The rereading was conducted in open court, with all parties present, including Espino. *See id.* ("[W]e have consistently noted that it is preferable to have the testimony reheard (or reread) in open court with all parties present."). Upon Espino's request for an additional cautionary instruction, the district court invited Espino to submit a proposed jury instruction for review, which Espino failed to do. We find no clear error or abuse of discretion.

**AFFIRMED.**